IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| STEVEN W. GRIMM | § | |
| v. | § | CIVIL ACTION NO. 5:22cv88 RWS-JBB |
| WARDEN, FCI-TEXARKANA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Steven Grimm filed this application for the writ of habeas corpus under 28 U.S.C. § 2241 challenging the computation of his sentence. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

**I. Background**

Petitioner states that on March 23, 2012, he received a sentence of 25 years in prison and five years of supervised release for mortgage fraud conspiracies. Court records show that Petitioner appealed his conviction and the Ninth Circuit Court of Appeals stayed briefing to allow the district court to consider Petitioner's motion for new trial. The district court denied the motion and Petitioner again appealed. The Ninth Circuit vacated this denial and remanded for an evidentiary hearing into potential prosecutorial misconduct. The district court held an evidentiary hearing and again denied the motion for new trial. Petitioner appealed this denial and the Ninth Circuit affirmed the denial of the motion for new trial but remanded for further proceedings on the issue of forfeiture. *See United States v. Grimm*, civil action no. 2:08cr64, 2022 WL 1747941 (D.Nev. May 31, 2022) (order denying motion to vacate or correct sentence).

Petitioner asserts that he was arrested on March 13, 2008, and was on "pre-trial custody at home" beginning on March 14, 2008. He argues that this status was a "substitute for imprisonment"

under U.S. Sentencing Guidelines § 5F1.2 and so the time he spent on home confinement should be counted toward his sentence.

In a grievance appeal to the Central Office of the Bureau of Prisons dated December 7, 2021 (Dkt. No. 1-1, p. 1), Petitioner asked that he be credited with time spent on "house arrest / severe home confinement" between April 16, 2014, and February 9, 2016. The response to the grievance appeal states that on April 9, 2014, the U.S. District Court for the District of Nevada granted him an appeal bond, and on April 15, 2014, he was released from FCI-Sheridan to home confinement. On January 7, 2016, he was ordered to self-surrender to FCI-Sheridan, but he failed to surrender based on a pending motion he had in the Ninth Circuit. On February 5, 2016, the Ninth Circuit denied his motion for bail pending appeal and he was ordered to self-surrender to FCI-Sheridan on February 10, 2016. The response to the grievance appeal cites *Reno v. Koray*, 515 U.S. 50, 57-58 (1995), and states that the time between April 16, 2014 and February 9, 2016 cannot be applied to Petitioner's sentence because it was time spent on bond and not in official detention.

Petitioner argues in his petition that a person who is locked up at home 24 hours a day, seven days a week, pursuant to a court order is in "official detention." He acknowledges that in *Reno v. Koray*, the Supreme Court said that only a person committed to the custody of the Attorney General can be in "official detention," but says that this decision creates an "anomalous result." Petitioner argues that this conclusion is "at war with common sense" such that even the Attorney General rejects it, as with home detention granted during the Covid-19 pandemic under the CARES Act.

Petitioner also contends that he is entitled to a *nunc pro tunc* designation of his home confinement facility as a place of confinement for his federal sentence, citing cases concerning the designation of a state facility as the place of service of a federal sentence. He asks that the Court order the Bureau to credit his time spent on home confinement to his sentence.

II. The Respondent's Answer

The Respondent has filed a response stating that under *Reno v. Koray*, the time spent while released on bail is not "official detention," and so that time is not counted toward the sentence. The

Respondent distinguishes between release on bond pending appeal and home confinement, saying that the Bureau of Prisons has the option in certain circumstances to have inmates serve their sentences at their home of record, and can decide to change that place of confinement if circumstances warrant; however, the court makes the decision to release an inmate on bond pending appeal and only the court can rescind that bond. The Bureau cannot take such an inmate back into custody without leave of court. Because Petitioner was released on bond pending appeal, the Respondent asserts that he was not in official detention and so that time cannot count toward his sentence.

### III. Discussion

In *Reno v. Koray*, the petitioner Ziya Koray pleaded guilty to laundering monetary instruments on June 18, 1991. On June 25, 1991, the magistrate judge ordered Koray released on bail pending sentencing. The order released Koray into the custody of the Pretrial Services Agency and required that he be confined to the premises of a Volunteers of America treatment center without authorization to leave for any reason unless accompanied by a Government special agent. On October 22, 1991, the district court sentenced Koray to 41 months in prison, but he remained at the Volunteers of America facility until November 25, 1991, when he reported to the Allenwood Federal Prison Camp to serve his sentence.

Koray asked the Bureau of Prisons to credit the time spent at the Volunteers of America facility toward his sentence, but the Bureau refused. He sought federal habeas corpus relief, but this was denied by the district court upon a finding that the stay in the facility was not "official detention."

The Third Circuit Court of Appeals reversed this determination, holding that official detention includes time spent under conditions of "jail-type confinement," whether this detention was done by the Attorney General through the Bureau of Prisons or by order of the court. The Court of Appeals therefore remanded the case for a determination whether Koray was in "jail-type confinement" during his stay at the Volunteers of America facility.

On certiorari review, the Supreme Court observed that under 18 U.S.C. § 3585, a sentence commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences, as a result of the offense for which the sentence was imposed or as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, that has not been credited against another sentence. (Emphasis added)

The Supreme Court stated that according to the Government, the phrase "official detention" refers to a court order detaining a defendant and committing him to the custody of the Attorney General for confinement, while Koray argued that the phrase includes the restrictive conditions of his release on bail because the magistrate judge's order was "official" and significantly curtailed his liberty. After reviewing the language and history of § 3585, the Supreme Court concluded that the phrase "official detention" refers to being committed to the custody of the Attorney General, while a defendant admitted to bail, even under restrictive conditions, was not in "official detention" but was instead "released." Thus, the time which Koray spent on bail was not "official detention" and could not be counted toward his sentence.

Similarly, in *Siebert v. Chandler*, 571 F.App'x 328, 328-29 (5th Cir. 2014), the petitioner Andrew Siebert was convicted on December 12, 2006, of conspiracy to commit mail fraud, wire fraud, and bank fraud. The following day, he was released on his own recognizance, restricting him to home detention at all times except for employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court-order obligations, or other activities as pre-approved by his supervising officer. He also had to report to a supervising officer, maintain or actively seek employment, and abide by other restrictions.

Prior to sentencing, issues arose regarding a witness at trial and the court considered whether to give Siebert a new trial, ultimately deciding against it. On January 23, 2009, Siebert was

4

sentenced to 60 months in prison on each count, running concurrently. After his conviction was affirmed on appeal, he was ordered to surrender to the Bureau of Prisons on September 21, 2010. In his habeas petition, Siebert argued that he was entitled to credit for the time spent on home confinement between the date of the guilty verdict and his actual incarceration. He contended that this time constituted "official detention," but the district court determined that the claim was foreclosed by *Reno v. Koray*. *See Siebert v. Chandler*, civil action no. 4:13cv269, at Dkt. No. 12 (order of dismissal).

On appeal, the Fifth Circuit affirmed the district court's decision, holding that during Siebert's time in home confinement, he was not committed to the custody of the Attorney General or subject to the control of the Bureau of Prisons. Thus, he was not in official detention within the meaning of 18 U.S.C. § 3585, and was not entitled to have this time count toward his sentence.

Likewise, Petitioner here was not in "official detention" within the meaning of 18 U.S.C. § 3585 during the time he spent on home confinement after his 2008 arrest but prior to his conviction. Petitioner's request to have this time credited to his sentence is without merit.

Petitioner also seeks credit for the time he spent on bond pending appeal, as he expressed in his grievance. In discussing the history of § 3585, the Supreme Court stated that courts of appeals construing the predecessor statute, 18 U.S.C. § 3568, uniformly held that the phrase "in custody" did not allow sentence credit because of restrictions placed on a defendant's liberty as a condition of release on bail. The Court cited *United States v. Robles*, 563 F.2d 1308, 1309 (9th Cir. 1977) as saying that time spent on bail or bond pending appeal is not time served in custody. The Fifth Circuit also followed this interpretation. *U.S. v. Mares*, 868 F.2d 151, 152 (5th Cir. 1989); *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983). The change in the statutory language from "in custody" in § 3568 to "official detention" in § 3585 did not effect a change in the law, and precedent decided under the former statute remains applicable under § 3585. *Pinedo v. United States*, 955 F.2d 12, 13 (5th Cir. 1992). Petitioner has not shown any entitlement to credit for time spent on bond pending appeal, and his request for habeas corpus relief on this point is without merit.

Finally, Petitioner appears to ask for a *nunc pro tunc* designation of his home confinement as a place of service for his federal sentence, referring to the CARES Act. That Act expanded the power of the Bureau of Prisons to grant home confinement as a result of the Covid-19 pandemic. *See* Public Law 116-136, section 12003 (March 27, 2020). While Petitioner's period of home confinement occurred prior to the passage of the Act, Petitioner appears to be asking the Court to order that the Bureau make a *nunc pro tunc* designation of his home confinement similar to the designation of a state institution as the place of service of a federal sentence, thus allowing for the service of his sentence while on home confinement.

The Fifth Circuit has explained that where a federal sentence is imposed before a state sentence, and the sentences are intended to run concurrently, the Bureau of Prisons may indirectly award credit for the time served in the state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). This Court has located no cases in any federal jurisdiction in which the Bureau of Prisons designated home confinement *nunc pro tunc* as the place of service of a federal sentence.

In *Perry v. Knight*, civil action no. 23-1064, 2023 U.S. Dist. LEXIS 198059, 2023 WL 7280553 (D.N.J., November 2, 2023), the petitioner Perry Knight complained that the Bureau of Prisons denied him home confinement under the CARES Act based on an erroneous conclusion that he had a history of violence. On May 22, 2023, the court ordered Knight to show cause why his petition should not be dismissed as moot because the Bureau's authority to extend home confinement under the CARES Act had expired. Knight filed a response saying that his petition was not moot because the Bureau should designate him to home confinement *nunc pro tunc* as of October of 2022. The court determined that there was no statutory basis for the Bureau to make a *nunc pro tunc* designation after the Act had expired.

Even assuming that the Bureau has the power to make a *nunc pro tunc* designation of home confinement as the place of service of a federal sentence, as part of or outside of the CARES Act,

6

a petitioner seeking habeas corpus relief from the refusal to make such a designation must show that the refusal amounts to an abuse of discretion. *See Rodriguez v. Pitzer*, 76 F.App'x 519, 520 (5th Cir. 2003); *Lewis v. Warden, FCC Beaumont*, 819 F.App'x 211, 214 (5th Cir. 2020). Petitioner has wholly failed to make such a showing, particularly in light of *Reno v. Koray*. His claim for habeas corpus relief is without merit.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 22nd day of August, 2024.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE